# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-2016V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| CLARENCE PEACOCK, | * | |
| | * | |
| Petitioner, | * | Special Master Shah |
| | * | |
| v. | * | Filed: July 30, 2025 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Jessica Anne Olins,* mctlaw, Seattle, WA, for Petitioner.
*Ryan Pohlman Miller,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 20, 2023, Clarence Peacock ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that that he developed a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on November 24, 2020. *Id*. On September 5, 2024, Respondent filed a proffer, which I adopted in a Decision awarding compensation on September 6, 2024. ECF Nos. 31, 32. Petitioner was awarded $100,785.71 in damages. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On November 26, 2024, Petitioner filed a motion for attorneys' fees and costs incurred by his current counsel at mctlaw and his former counsel at the Cox Law Office. ECF No. 37 ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $32,663.44, consisting of $19,612.50 in attorneys' fees and $630.08 in attorneys' costs incurred by mctlaw, as well as $9,870.00 in attorneys' fees and $2,550.86 in attorneys' costs incurred by the Cox Law Office. Fees App. at 1-3. Petitioner indicates that he personally has not incurred any costs related to the prosecution of his case. *Id.* at 2. Respondent responded to the motion on December 12, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 38 ("Fees Resp.") at 2, 4. Petitioner filed a reply on December 17, 2024. ECF No. 39.

This matter is now ripe for consideration.

**I. Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**A. Reasonable Hourly Rates**

1. mctlaw

Petitioner requests the following rates of compensation for his attorneys at mctlaw: for Ms. Jessica Olins, $355.00 per hour for work performed in 2024, and for Ms. Danielle Strait, $480.00 per hour for work performed in 2024. Ex. 23 at 14. Petitioner also seeks compensation for paralegals, ranging from $180.00-$190.00 per hour for work performed in 2023 and 2024. *Id.*

2

Ms. Olins and her colleagues have previously been awarded their 2023 and 2024 rates by other special masters. *See Elliott v. Sec'y of Health & Hum. Servs.*, No. 21-512V, 2024 WL 2272271, at *1 (Fed. Cl. Spec. Mstr. Apr. 19, 2024). Accordingly, I find the requested rates are reasonable and will award them herein.

   2. Cox Law Office

Petitioner requests $300.00 per hour for all work performed in this case by attorney David M. Cox, IV, from 2020 through 2024. Ex. 29 at 4. This appears to be Mr. Cox's first case in the Vaccine Program, so his hourly rates have not been addressed in any prior fee decisions. According to his affidavit, Mr. Cox has been licensed to practice law in the state of Indiana since 2013. Ex. 28 at 1. In his affidavit, Mr. Cox states that he is not a member of the United States Court of Federal Claims ("USCFC") bar. *Id*.

To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00–357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Hum. Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); *Hasanovic v. Sec'y of Health & Hum. Servs.*, No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); *Byrd v. Sec'y of Health & Hum. Servs.*, No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2023); *Schmidt v. Sec'y of Health & Hum. Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). Because Mr. Cox was not admitted to practice before the USCFC bar, his work will be compensated at a paralegal rate.

Applying the highest paralegal rate to the respective years billed, Mr. Cox will be awarded the following rates: $163.00 per hour for work performed in 2020, $172.00 per hour for work performed in 2021, $177.00 per hour for work performed in 2022, $186.00 per hour for work performed in 2023, and $197.00 per hour for work performed in 2024.[3] This results in a total reduction of **$3,837.70**.

   **B. Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United*

---

[3] This amount is calculated as ($300 - $163) x 1 hr. + ($300 - $172) x 1.9 hrs. + ($300 - $177) x 6 hrs. + ($300 - $186) x 22.5 hrs. + ($300 - $197) x 1.5 hrs. = $3,837.70.

3

*States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

1. mctlaw

I have reviewed the submitted billing entries and find the request to be reasonable. The billing entries contain sufficient detail to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, Petitioner is awarded final attorneys' fees for his counsel at mctlaw in the amount of $19,612.50.

2. Cox Law Office

Again, I have reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, Petitioner is awarded final attorneys' fees for his counsel at Cox Law Office in the amount of $6,032.30.

**C. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

1. mctlaw

Petitioner requests a total of $630.80 in attorneys' costs for his counsel at mctlaw, for acquiring medical records and postage. Ex. 24 at 1-2. Although Petitioner provided receipts and supporting documentation for the majority of these expenses, there were no receipts for the following costs:

- 1/03/2024 - Peacock Retainer Agreement - $10.64;
- 4/05/2024 - Community Hospital - Billing Office - Billing Statements - ARC Records - $48.00;
- 10/02/2024 - 10.02/2024 UPS client check - $18.45;
- 11/04/2024 – Dermio Dermatology - Medical Records - $28.00.

*See* Ex. 24 at 3-21. Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Hum. Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Special

4

masters have, however, awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings . . . and were reasonable." *Erickson v. Sec'y of Health & Hum. Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Hum. Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided). Although there was no documentation provided to support the costs outlined above, the medical records requests and postage seem reasonable, so I will grant these costs. Counsel is cautioned that a failure to provide sufficient documentation in the future may result in a reduction of the costs awarded. I conclude Petitioner is entitled to final attorneys' costs incurred by mctlaw in the amount of $630.80.

        2. Cox Law Office

Petitioner requests a total of $2,550.86 in attorneys' costs for his counsel at Cox Law Office. Of this amount, $450.86 was for expenses associated with acquiring medical records and postage. Ex. 30 at 1. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter. Petitioner's costs also included $2,100.00 for two narrative reports and a telephone conference with an expert, Dr. Aaron Anderson. *Id.* at 4-5, 8-11. I find the overall amount requested for Dr. Anderson to be reasonable in light of the work produced in this case, and Respondent did not object to this cost. Accordingly, Petitioner is entitled to final attorneys' costs incurred by the Cox Law Office in the amount of $2,550.86.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| *Mctlaw* | |
|---|---|
| Attorneys' Fees Requested | $19,612.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$19,612.50** |
| | |
| Attorneys' Costs Requested | $630.08 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$630.08** |
| | |
| *mctlaw*<br>**Total Attorneys' Fees and Costs** | **$20,242.58** |
| | |
| *Cox Law* | |
| Attorneys' Fees Requested | $9,870.00 |
| (Reduction to Fees) | ($3,837.70) |
| **Total Attorneys' Fees Awarded** | **$6,032.30** |
| | |
| Attorneys' Costs Requested | $2,550.86 |

5

| (Reduction to Costs) | - |
| --- | --- |
| **Total Attorneys' Costs Awarded** | $2,550.86 |
| | |
| *Cox Law*<br>**Total Attorneys' Fees and Costs** | **$8,583.16** |
| | |
| **Total Attorneys' Fees and Costs** | **$28,825.74** |

**Accordingly, I award the following:**

1. **A lump sum in the amount of $20,242.58, comprised of $19,612.50 in attorneys' fees and $630.08 in attorneys' costs incurred by mctlaw, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2. **A lump sum in the amount of $8,583.16, comprised of $6,032.30 in attorneys' fees and $2,550.86 in attorneys' costs incurred by the Cox Law Office, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).